## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) THE TRUSTEES OF THE UNIVERSITY OF ) PENNSYLVANIA (OWNER & OPERATOR ) OF THE UNIVERSITY OF PENNSYLVANIA ) HEALTH SYSTEM), ) ) Defendant. ) | Civil Action No. **COMPLAINT** **Jury Trial Demand** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission"), brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Cynthia Bryant, who was adversely affected by such practices while employed by Defendant, the Trustees of the University of Pennsylvania (Owner and Operator of the University of Pennsylvania Health System ("UPHS")). As articulated with greater particularity in paragraph 7 below, the Commission alleges that Ms. Bryant, a Systems Administrator, was discriminated against based on her race (black), when Defendant wrongfully terminated her because of her race, while replacing her with a less qualified Hispanic employee.

As a result of the discrimination, Ms. Bryant suffered damages, including emotional distress and backpay losses.

-1-

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant UPHS, has continuously been doing business in the State of Pennsylvania and the City of Philadelphia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Cynthia Bryant filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least 2004, Defendant Employer has engaged in unlawful employment practices at its Philadelphia, Pennsylvania facility in violation of Section 703(a)(1) of 42 U.S.C. Section 2000e-2(a)(1), by discriminating against Cynthia Bryant on the basis of her race (black) as follows:

(a)  On September 29, 1978, Cynthia Bryant was hired by Defendant Employer as a Messenger for the Transporter Services Department. While working full-time for Defendant, Ms. Bryant attained a Bachelor's Degree in Business Administration from Antioch University in 1988. She then obtained her Masters of Science Degree in Dynamics of Organization from the University of Pennsylvania in 1992.

(b)  She was an outstanding employee who received several promotions during her 26 year tenure with Defendant. Her last promotion was in 2000, in which she was promoted to the position of Systems Administrator in the Corporate Materials Management Department. She supervised approximately seven (7) individuals in this position. She consistently exceeded her employer's expectations and had never been disciplined for poor performance. In fact, her exemplary performance resulted in her receiving a retention bonus of $5,000 in 2003.

(c)  As part of her duties as a Systems Administrator, Ms. Bryant started working on the Lawson Implementation Team in 2001. Lawson is a medical surgical supply ordering computer system used by Defendant and other health care providers. She performed admirably while working for that Team. In fact, with respect to her last rating in January 2004, her supervisor of 15 years, Corporate Director of Materials Management Thomas Golaszewski (white), wrote that "Cynthia has done an outstanding job running the Lawson System Team for Materials Management/Purchasing

and leading/contributing to the upgrade."

(d)     Wayne Smith (white) started working for Defendant as the Assistant Director of Purchasing in December 2003. In approximately the fall of 2004, he replaced Mr. Golaszewski and assumed the job of Corporate Director of Materials Management. As a result, he became Ms. Bryant's supervisor.

(e)     Ms. Bryant continued her excellent performance while working under Mr. Smith. Indeed, Mr. Smith never placed Ms. Bryant on any performance improvement plan or advised her that he had any concerns about her performance or abilities. However, without any warning, on December 1, 2004, Smith told her that she would be terminated. She was told that Defendant was restructuring her department which would lead to an elimination of her position.

(f)     On December 8, 2004, Defendant posted on its website an opening for the position of Information Systems Manager. Coincidentally, the position description for the Information Systems Manager position was virtually identical to the job description of the Systems Administrator position held by Cynthia Bryant. The only difference was a change in job title.

(g)     Sonia Acosta-Bren (Hispanic) was selected for the Information Systems Manager position. Ms. Bren had been a consultant recently used by Defendant as part of the Lawson Implementation Team. However, she was less qualified and less capable than Ms. Bryant for the Information Systems Manager position due to Ms. Bryant's documented success at doing the same position for Defendant for several years.

(h)     Defendant also failed to follow its own policies of allowing an employee whose position is being eliminated to transfer to vacant positions in place of termination, and that notice

-4-

of position elimination should be given to an affected employee as far in advance as practically possible. At the time of her termination, there were a number of positions available at UPHS that Ms. Bryant was qualified to perform. Yet, Ms. Bryant was never given the opportunity to transfer to another department. Further, she was terminated with absolutely no warning.

(i)  Moreover, Defendant treated at least two (2) similarly-situated white employees more favorably than Ms. Bryant, by allowing one to transfer into a vacant position in place of termination, and permitting the other to continue to work for UPHS, until that person could find other employment. However, no such options were ever offered to Cynthia Bryant.

8.  The effect of the practices complained of in paragraph 7 (a) through (i) above has been to deprive Cynthia Bryant of equal employment opportunities and otherwise adversely affect her status as an employee because of her race for engaging in protected activity under Title VII.

9.  The unlawful employment practices complained of in paragraph 7 (a) through (i) above, were intentional.

10. The unlawful employment practices complained of in paragraph 7 (a) through (i), above, were done with malice or with reckless indifference to the federally protected rights of Cynthia Bryant.

### PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of race.

  B. Order Defendant to institute and carry out policies, practices, and programs which prohibit race discrimination, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make whole Cynthia Bryant, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, front pay if appropriate, reinstatement and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant to make whole Cynthia Bryant by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (i) above.

  E. Order Defendant to make whole Cynthia Bryant by providing compensation for past, present, and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (i) above, including humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression, and exacerbation of physical problems, in amounts to be determined at trial.

  F. Order Defendant to pay Cynthia Bryant punitive damages for its malicious and reckless conduct, as described in paragraphs 7 (a) through (i) above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>Washington, D.C. 20507
>
>_____
>JUDITH A. O'BOYLE
>Supervisory Trial Attorney
>
>_____
>MARY TIERNAN
>Senior Trial Attorney
>
>_____
>WOODY ANGLADE
>Trial Attorney
>EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>Philadelphia District Office
>21 South 5th Street, Suite 400
>Philadelphia, PA 19106
>(215) 440-2814
>(215) 440-2848 (FAX)

-7-